**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel G. Martinez, ) | |
| ) | |
| Plaintiff, ) | No. CIV 05-725 TUC JMR |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Frank Hayes, Daryl Bingham, Aaron ) | |
| Baldridge, Kent Ellis, Tom Palmer, Elaine ) | |
| Zieroth, and their accomplices ) | |
| individually, jointly and severally, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff filed a "Petition for Emergency Injunction" in the Superior Court for the State of Arizona, County of Greenlee. Plaintiff is petitioning for the return of his cattle which were impounded by Defendants on behalf of the United States Forest Service ("USFS"). Defendants removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441, 1442(a)(1) and 1446. Defendants Hayes, Baldridge, Ellis, Palmer, and Zieroth were all employees of the USFS at the time of the events in question.

Plaintiff has filed a motion to remand. He argues that removal was improper under 28 U.S.C. § 1442(a)(1), which allows for removal in cases where a federal officer is a

defendant, because Defendants were "employees" rather than "officers."[1] Defendants argue that they are covered by the statute because they were acting under an officer of the United States pursuant to federal law at the time of the events.

Section 1442(a)(1) provides that a case may be removed to federal court if "[t]he United States . . . or any officer (or any person acting under that office) of the United States . . . [is] sued in an official or individual capacity for any act under color of such office . . . ." The United States Supreme Court has held that the statute is to be construed broadly. *Willingham v. Morgan*, 395 U.S. 402, 406 (1969). The history of the statute itself reveals that Congress intended it to extend to federal employees. H.R. Rep. No. 308, 80th Cong., 1st Sess., A134 (1947) (noting that section 1442(a)(1), as revised, "is extended to apply to all officers and employees of the United States or any agency thereof."). As defendants point out, the Ninth Circuit has consistently allowed the removal of cases with federal employee defendants. *See, e.g., Arizona v. Johnson*, 351 F.3d 988, 992 (9th Cir. 2003); *Arizona v. Elmer*, 21 F.3d 331 (9th Cir. 1994); *Nationwide Investors v. Miller*, 793 F.2d 1044 (9th Cir. 1986); *Swett v. Schenk*, 792 F.2d 1447 (9th Cir. 1986), *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030 (9th Cir. 1985); *McKee v. Turner*, 491 F.2d 1106 (9th Cir. 1974); *Murphy v. Kodz*, 351 F.2d 163 (9th Cir. 1965). Therefore, Plaintiff's motion to remand must be denied.

---

[1] Plaintiff also argues that removal was improper under the other statutes, however, because removal was clearly proper under 28 U.S.C. § 1442(a)(1), it is unnecessary to address those arguments.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to remand (Doc. No. 5) is **DENIED**.

DATED this 4th day of January, 2006.

_____
John M. Roll
United States District Judge